1
2
3
4
5
6

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| BMO BANK N.A., | Case No. |
| Plaintiff, | |
| v. | **PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST ENRICHMENT AND OTHER RELIEF** |
| RAIDEN LLC, a Washington State limited liability company, and MIKHAIL GOIMAN a/k/a MIHAI GOIMAN and the marital community composed of MIKHAIL GOIMAN and JANE or JOHN DOE GOIMAN | |
| Defendants. | |

15

NOW COMES Plaintiff, BMO Bank N.A. (*"BMO"*), by and through its attorneys Schweet Linde & Rosenblum, PLLC, and complains as follows against Defendants Raiden LLC and Mikhail Goiman a/k/a Mihai Goiman:

### NATURE OF THE CASE

1.      This is an action against Defendants Raiden LLC and Mikhail Goiman a/k/a Mihai Goiman for unjust enrichment, conversion, accounting and temporary restraining order arising from their abject refusal to return to BMO the sum of $982,733 that was mistakenly wired to Raiden LLC's account, despite Defendants' written acknowledgment that they received the funds in error and have no interest in the funds, and BMO's repeated demands for their return.

26

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 1

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010   F (206) 381-0101

**THE PARTIES**

2.    Plaintiff BMO Bank N.A. (*"BMO"*) is a national banking association with its principal place of business located at 320 S. Canal Street, Chicago, Illinois 60606 and has paid all licenses and fees necessary to bring this action

3.    Defendant Raiden LLC (*"Raiden"*) is a Washington limited liability corporation.

4.    Upon information and belief, Defendant Mikhail Goiman a/k/a Mihai Goiman (*"Goiman"*) is a resident of Idaho. BMO asserts and alleges that all actions taken by Goiman did benefit, and were for the benefit, of his marital community, if any.

**JURISDICTION AND VENUE**

5.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between BMO and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.    Venue is proper pursuant to 28 U.S.C. § 1391 because: (1) Defendants do business in this judicial district with Defendant Raiden LLC having its principal office located in Lake Stevens, Washington; and (2) a substantial part of the events giving rise to BMO's claims occurred in this judicial district.

**FACTUAL BACKGROUND**

7.    On November 1, 2022, BMO wired the sum of $982,733.00 (the *"Funds"*) to Raiden's account (the *"Account"*) at Bank of America, N.A.

8.    The wire details reflect that the Funds were wired from BMO's office at 111 West Monroe, Chicago, IL 60690.

9.    BMO did not intend to transfer the Funds to the Account.

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 2

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010   F (206) 381-0101

10.     BMO's transfer of the Funds to the Account was a mistake.

11.     Raiden had no right to receive the Funds.

12.     Goiman had no right to receive the Funds.

13.     Raiden has no legal right to retain any of the Funds.

14.     Goiman has no legal right to retain any of the Funds.

15.     Raiden is not, nor has ever been, a customer of BMO.

16.     Goiman is not, nor has ever been, a customer of BMO.

17.     Goiman, through his counsel, admitted in an email to a BMO representative on August 31, 2023 that "Mr. Goiman had no business dealings with BMO in the past."   A true and accurate copy of the August 31, 2023 correspondence is attached hereto as Exhibit 1.

18.     Goiman, through his counsel, admitted in an email to a BMO representative on August 31, 2023 that Raiden had begun "to use the funds for business purposes."   *See* Exhibit 1.

19.     Goiman, through his counsel, admitted in an email to a BMO representative on August 31, 2023 that the Funds "were disbursed to several smaller accounts."   *See* Exhibit 1.

20.     Goiman, through his counsel, admitted in an email to a BMO representative on August 31, 2023 that "Mr. Goiman cannot refund the full balance of the funds at this time."   *See* Exhibit 1.

21.     BMO has never authorized Raiden to spend or otherwise disburse any of the Funds.

22.     Upon discovering the mistaken Transfer had occurred, BMO immediately contacted Defendants and requested that they return the Funds.

23.     BMO has since made numerous requests to Defendants to return the Funds, all to no avail.

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 3

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010   F (206) 381-0101

24.    Upon information and belief, Defendants have spent at least some portion of the Funds despite having no right to do so.

25.    Upon information and belief, Defendants continue to possess and control at least some portion of the Funds.

26.    To date, despite repeated demand, Defendants have not returned the Funds to BMO.

27.    Raiden is a single-member LLC.

28.    The sole member of Raiden is Goiman.

29.    As the sole member of Raiden, Goiman has exclusive control and authority to return the Funds to BMO.    Further, as a limited liability company, all the benefits of the company, including the amounts received from BMO, run directly to Goiman.

## COUNT I: UNJUST ENRICHMENT

30.    BMO restates and re-alleges paragraphs 1 – 29 as this paragraph 30 of Count I.

31.    By receiving the Funds in its Account, Raiden received a benefit from BMO.

32.    In spending the Funds for "business purposes", Raiden received a benefit from BMO.

33.    By receiving the Funds and spending the Funds for "business purposes", Raiden received a benefit at BMO's expense.

34.    The circumstances make it unjust for Raiden to retain the Funds without any consideration to BMO.

35.    Under the direction of Goiman, Raiden has been unjustly enriched by retaining the Funds.    Further, Goiman, who is the sole member of Raiden, is also jointly liable for all funds that unjustly enriched Raiden as any benefit to Raiden ran directly to him as a member.

    **WHEREFORE**, Plaintiff, BMO Bank N.A., respectfully requests this Court to enter

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 4

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010    F (206) 381-0101

judgment against Defendants Raiden LLC and Mikhail Goiman a/k/a Mihai Goiman, jointly and severally, in the amount of at least $75,000.00, plus statutory prejudgment interest, along with any other relief that this Court deems just and proper.

## COUNT II: CONVERSION

36.    BMO restates and re-alleges paragraphs 1 – 35 as this paragraph    of Count II.

37.    Defendants willfully interfered with the Funds belonging to BMO by refusing to return them to BMO despite demand and without legal justification.

38.    Defendants unlawfully retain possession of the Funds.

39.    Defendants have deprived BMO of possession of the Funds.

**WHEREFORE**, Plaintiff, BMO Bank N.A., respectfully requests this Court to enter judgment against Defendants Raiden LLC and Mikhail Goiman a/k/a Mihai Goiman, jointly and severally, in the amount of at least $75,000.00, plus statutory prejudgment interest, along with any other relief that this Court deems just and proper.

## COUNT III: EQUITABLE ACCOUNTING

40.    BMO restates and re-alleges paragraphs 1 – 39 as this paragraph 40 of Count III.

41.    BMO has demanded an accounting of the Funds from Defendants.

42.    Defendants have refused to provide BMO an accounting of the Funds.

43.    Based on counsel for Defendant Goiman's written admission to BMO on August 31, 2023 that the Funds "were disbursed to several smaller accounts" and used for "business purposes", BMO reasonably believes the Funds have been dissipated to multiple bank accounts and transferred to numerous individuals and/or entities.

44.    Given the complexity of Defendants' dissipation and transfer of the Funds, an accounting

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 5

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010    F (206) 381-0101

is warranted in order to ensure the Funds are returned to BMO.

**WHEREFORE**, Plaintiff, BMO Bank N.A., respectfully requests this Court to order Defendants Raiden LLC and Mikhail Goiman a/k/a Mihai Goiman to account for the entirety of the Funds, along with any other relief that this Court deems just and proper.

### COUNT IV: INJUNCTIVE RELIEF UNDER (2) RCW 7.40.010 *seq.*

45.    BMO restates and re-alleges paragraphs 1 – 44 as this paragraph 45 of Count IV.

46.    Pursuant to RCW 7.40.010, Courts have the power to grant restraining orders and injunctions.   Specifically, grounds exist for a preliminary injunction under RCW 7.40.020 as: (1) BMO is entitled to judgment against the Defendants for all causes of actions stated herein; (2) Defendants should be restrained from being allowed to disburse further funds from their accounts as they have already absconded of funds by their own admission, and allowing them to do so further would produced great injury to BMO; and (3) Defendants' own counsel advised that Defendants were using funds that are directly traceable to BMO's mistakenly deposited funds for "business purposes" and thus Defendants, by their own admissions, are removing or disposing of property with intent to defraud BMO.

47.    BMO: (1) has a clear and equitable right to the funds mistakenly transferred to Defendants; (2) BMO has a well-grounded fear of immediate invasion of its right of said funds; and (3) the acts Defendants have committed, and appear to be planning to commit in the future, will result in actual and substantial injury to BMO.   Therefore, BMO is entitled to an injunction barring Defendants' banks where Defendants' accounts are located from disbursing any funds to Defendants pending further order from the Court.

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 6

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010   F (206) 381-0101

## COUNT V:    PREJUDGMENT GARNISHMENT UNDER RCW 6.25 et. seq and RCW 6.26 et. seq

48.    Pursuant to RCW 6.26.010, a Plaintiff can at any time of commencing an action, obtain a writ of garnishment.    Pursuant to RCW 6.26.060(1), a plaintiff is entitled to attachment when they can show: (1) that there is probable cause to believe that the alleged statutory grounds for attachment and/or garnishment exists; and (2) the probable validity of the claim sued upon.

49.    Here, clear statutory grounds exist for attachment.    Pursuant to RCW 6.25.010[1], courts may attach property when Defendants are attempting to convert property into money for the purpose of placing it beyond the reach of BMO.    In this instance, Counsel for Goiman has previously advised BMO that Defendants have begun "to use the funds for business purposes", that the Funds "were disbursed to several smaller accounts", and that "Mr. Goiman cannot refund the full balance of the funds at this time."    *See* Exhibit 1.    Consequently, pursuant to RCW 6.25.030(6) grounds for attachment exist as Defendants have already disposed of property with intent to delay and defraud BMO knowing such funds rightfully belong to BMO.    Further, pursuant to RCW 6.25.030(7), the facts make clear Defendants, by their own admission, are using the funds they know do not rightfully belong to them.

50.    The Court should allow BMO to issue prejudgment writs of garnishment to any banks of Defendants and any such funds collected under such prejudgment writs should be sent to the Court registry pending further order of the Court.

51.    BMO's seeking of a prejudgment writ of garnishment is not being done to hinder, delay, or defraud any of Defendants' creditors.    Attachment here is sought in good faith and BMO: (1)

---

[1]  RCW 6.26.010 specifically incorporates RCW 6.25.030 and provides that prejudgment garnishments are property when "one or more grounds for issuance of attachment stated in RCW 6.25.030" exist.    *See* RCW 6.26.010(c).

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 7

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010   F (206) 381-0101

has a reasonable belief that the facts pleaded here evidence that Defendants are indebted to BMO; and (2) has a reasonable belief that statutory grounds for attachment exist.

51..    BMO would be irreparably harmed should Defendants be allowed to further transfer the Funds as Defendants have claimed they are unable to pay BMO the full amount of the Funds transferred to them.    As Defendants are admittedly without the financial wherewithal to repay BMO, future monetary damages will not adequately compensate BMO should Defendants continue to spend the Funds on "business purposes" and/or further disburse the Funds as Defendants are otherwise uncollectable.

52.    The Court should allow attachment via prejudgment writs of garnishment in order to attach the remaining Funds held by Defendants pursuant to RCW 6.25.010 *et seq*. and place those Funds into the registry of the Court, pending final resolution of this matter.

**WHEREFORE**, Plaintiff, BMO Bank N.A., respectfully requests this Court enter an Order attaching the remaining Funds held in the custody and/or control of Defendants Raiden LLC and Mikhail Goiman a/k/a Mihai Goiman pursuant to RCW 6.25.010 *et seq*. and place those proceeds into the registry of the Court, pending final resolution of this matter.

DATED this 18th day of September 2023.

SCHWEET LINDE & ROSENBLUM


/s/ Jacob Rosenblum /
Jacob D. Rosenblum, WSBA 42629
575 S. Michigan St.
Seattle, WA 98018
206.381.0128
jacobr@schweetlaw.com

PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST
ENRICHMENT AND OTHER RELIEF - 8

*SCHWEET LINDE & ROSENBLUM, PLLC*
575 S. MICHIGAN ST.
SEATTLE, WA 98108
P (206) 275-1010   F (206) 381-0101

1
2

**VERIFICATION**

3
4       Henry Ollie, on oath, says:

5       I am a Manager of BMO Bank N.A. (*"BMO"*).  BMO is the Plaintiff in the above-entitled action.  I have read the foregoing Complaint and declare under penalty of perjury that the contents contained herein are true based upon my personal knowledge and review BMO's business records.   In capacity of my employment, I am a records custodian regarding this matter and am familiar with BMO's systems.  The records attached to this complaint, including the Exhibit 1, are kept in the ordinary course of business and I have reviewed the records concerning the matters stated herein.

6
7
8

9       I declare under penalty of perjury of the State of Washington that the foregoing is true and correct.

10
11
12  September 19, 2023
    City of Industry, California                        _Henry Ollie_
13  _____          _____
    Date and Place                                      Signature

14
15
16
17
18
19
20
21
22
23
24
25
26  PLAINTIFF'S VERIFIED COMPLAINT FOR UNJUST            ***SCHWEET LINDE & ROSENBLUM, PLLC***
    ENRICHMENT AND OTHER RELIEF - 9                     575 S. MICHIGAN ST.
                                                        SEATTLE, WA 98108
                                                        P (206) 275-1010  F (206) 381-0101

**From:** Nathan Thomas <nathan@peak-law.com>
**Sent:** Thursday, August 31, 2023 2:02 PM
**To:** Tankersley, Scott <Scott.Tankersley@bmo.com>
**Subject:** Re: Scott Tankersley/BMO Harris N.A.

Hello Scott -

Thanks for following up.  I met with Mr. Goiman Tuesday evening; our meeting ran late. Below is a short summary of our conversation and the current status.

Mr. Goiman had no business dealings with BMO in the past.  To the best of his knowledge, the funds seemed to come from Kenworth Financing, through which he financed the purchase of a semi-truck in 2022.  However, Kenworth seemed to have no knowledge of this transfer. Ultimately, it took BMO approximately 7 months to contact Mr. Goiman.

Goiman inquired with his bank on at least three separate occasions regarding the source of the funds and what to do with the money. On each occasion the bank advised Goiman that it had no knowledge of any inquiry into the funds or efforts to reverse the wire transfer. In fact, Goiman's bank proactively contacted him to advise him to break the large balance into smaller balances of less than $200,000 so as to be protected by FDCIA.

Mr. Goiman cannot refund the full balance of the funds at this time.  As the funds sat with the LLC for approximately 7 months before hearing from BOM, and upon advice from his bank, the funds were disbursed to several smaller accounts.  After 5 months of sitting on the funds and multiple inquiries with his bank to see if there had been any inquiry re the funds, it was determined that the funds were abandoned and the LLC began to use the funds for business purposes.

Mr. Goiman is prepared to offer a one-time refund of $250,000, available immediately, in exchange for a waiver / release.

Sincerely,
Nathan

Nathan Thomas, JD | MBA
www.peak-law.com
Idaho | Oregon | California
(208) 278.2788 - Office
(208) 545-7957 - Fax

EXHIBIT 1