IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BMO BANK N.A.,<br><br>                       Plaintiff,<br><br>vs.<br><br>RAIDEN, LLC, a Washington limited liability company; and MIKHAIL GOIMAN a/k/a/ MIHAI GOIMAN and the marital community composed of MIKHAIL GOIMAN and JANE or JOHN DOE GOIMAN,<br><br>                       Defendants. | Case No. 23-cv-01465<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ON DEFAULT PURSUANT TO FED. R. CIV. P. 55(b)(1) AND LCR 55(b)(3)** |

**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure and supported by the affidavit attached hereto, Plaintiff BMO Bank N.A. (*"BMO"*) requests that the clerk or this Court enter judgment by default against Defendant Mikhail Goiman a/k/a Mihai Goiman and the marital community composed of Mikhail Goiman and Jane or John Doe Goiman (*"Goiman"*) in the above-entitled action for **$1,143,955.06**.

Additionally, in considering the seven factors set forth by the Ninth Circuit in *Eital v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), this Court should grant BMO's request for entry of judgment by default against Goiman because:

(1) BMO will suffer prejudice if a default judgment is not entered against Goiman because, as alleged in BMO's Verified Complaint, BMO mistakenly wired Raiden (the sole member and beneficiary of which is Goiman) the sum of $982,733.00 (the *"Funds"*), and Raiden and Goiman refuse to return the Funds despite having no legal right to retain them, and BMO is without any other recourse to recover the Funds.  *See* Verified Complaint, Docket No. 1.

(2) The substantive claims set forth in BMO's Verified Complaint are meritorious, as among other things it cannot be disputed that: (a) Raiden, which is controlled by its sole member Goiman, received the Funds, (b) Raiden, which is controlled by Goiman, has refused to return

the Funds; (c) neither Raiden nor its principal Goiman have any lawful right to receive, retain, disburse or spend the Funds, and have acknowledged the Funds do not belong to them; (d) BMO is entitled to the Funds; (e) Raiden, which is controlled by Goiman, has admitted that it has no interest in the Funds, which indisputably belong to BMO, and has admitted to disbursing and spending the Funds and refusing to give back any portion of the Funds to BMO; (f) neither Raiden nor Goiman have contested any of the aforesaid facts; and (g) as Goiman is the sole member of Raiden, a limited liability company, all benefits of Raiden run to Goiman. *See* Verified Complaint, Docket No. 1; *see, e.g.*, *Eagle Pacific Ins. Co. Christensen Motor Yacht Corp.*, 85 Wn. App. 695, 704 (1997) (sole shareholder of entity was the ultimate beneficiary of the fraudulent transfer of funds to the entity).

(3) The sufficiency of BMO's Verified Complaint is facially evident, supported by the Verification of BMO Manager Henry Ollie, and stands unchallenged. *See* Verified Complaint, Docket No. 1.

(4) The sum of money at stake in this action is undisputed, as the record shows that the sum of $982,733.00 was mistakenly wired to Raiden by BMO, Raiden, which is controlled by Goiman, acknowledged receipt of said Funds, but has refused to return the Funds. *See* Verified Complaint, Docket No. 1.

(5) There is little possibility of a dispute concerning material facts, as it is undisputed that: (a) Raiden, which is controlled by Goiman as its sole member, received the Funds, (b) Raiden, which is controlled by Goiman, has refused to return the Funds; (c) neither Raiden nor its principal Goiman have any lawful right to receive, retain, disburse or spend the Funds, and have acknowledged the Funds do not belong to them; (d) BMO is entitled to the Funds; (e) Raiden, which is controlled by Goiman, has admitted that it has no interest in the Funds, which indisputably belong to BMO, and has admitted to disbursing and spending the Funds and refusing to give back any portion of the Funds to BMO; (f) neither Raiden nor Goiman have

contested any of the aforesaid facts; and (g) as Goiman is the sole member of Raiden, a limited liability company, all benefits of Raiden run to Goiman.  *See* Verified Complaint, Docket No. 1.

(6) The default recently entered against Goiman (*see* Docket No. 39) was not due to excusable neglect, as Goiman was properly served with Summons and Complaint via publication pursuant to RCW 4.28.100, yet to date, has failed to appear in this matter or file any responsive pleading.  *See* Motion for Default, Docket No. 37.

(7) Entering a default judgment against Goiman is not inconsistent with the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, because, among other reasons, it is undisputed that: (a) Goiman was properly served with Summons and Complaint, but has failed to appear in this matter or file any responsive pleading; (b) Raiden, which is controlled by Goiman, has admitted to receiving the Funds and acknowledged the Funds do not belong to Raiden, but has refused to return the Funds, and neither Raiden nor its principal Goiman have any lawful right to receive, retain, disburse or spend the Funds; and (c) as Goiman is the sole member of Raiden, a limited liability company, all benefits of Raiden run to Goiman.  *See* Verified Complaint, Docket No. 1.

## CONCLUSION

For the above stated reasons, the Motion should be granted.

CHAPMAN AND CUTLER LLP

*/s/ James P. Sullivan /*
James P. Sullivan (admitted *pro hac vice*)
Bryan E. Jacobson (admitted *pro hac vice*)
Attorneys for Plaintiff BMO Bank N.A.

SCHWEET LINDE & ROSENBLUM, PLLC

*/s/ Jacob D. Rosenblum /*
Jacob D. Rosenblum, WSBA #42629
Attorneys for Plaintiff BMO Bank N.A.