UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BMO Bank N.A., | CASE NO. 2:23-cv-01465-JHC |
| Plaintiff, | ORDER RE: DEFAULT JUDGMENT |
| v. | |
| RAIDEN, LLC, a Washington limited liability company; and MIKHAIL GOIMAN a/k/a MIHAI GOIMAN and the marital community composed of MIKHAIL GOIMAN and JANE or JOHN DOE GOIMAN, | |
| Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Entry of Judgment on Default Pursuant to Fed. R. Civ. P. 55(b)(1) and LCR 55(b)(3). Dkt. # 40. The motion is unopposed. *See generally* Dkt. The Court has considered the motion, the record, and the applicable law. Being fully advised, the Court GRANTS the motion as to Defendant Mikhail Goiman a/k/a Mihai Goiman and the marital community composed of Mikhail Goiman and Jane or John Doe Goiman (Goiman).

/

ORDER - 1

## II

## DISCUSSION

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 91718 (9th Cir. 1987)). Courts typically consider these factors when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are generally disfavored, so "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

A.    Application of *Eitel* Factors

     1.  Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014)

ORDER - 2

(citation and internal quotation marks omitted). Goiman has failed to respond to this action, so default judgment is Plaintiff's only means for recovery. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022). Thus, this factor supports default judgment.

      2. Merits of Plaintiff's Claims and Sufficiency of Complaint

"Courts often consider the second and third *Eitel* factors together." *Devs. Sur. and Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). As mentioned above, the Court must accept all well-pleaded allegations in the complaint as established fact. Accepting such allegations, the complaint suffices to state the causes of action directed against Goiman. Dkt. # 1. Thus, the second and third *Eitel* factors weigh in favor of Plaintiff.

      3. Sum of Money at Stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Est. of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). Here, because Plaintiff seeks only the amount mistakenly wired, there is proportionality. Thus, the fourth *Eitel* factor supports default judgment.

      4. Possibility of Dispute Over Material Facts

There is no sign that the material facts are in dispute. And again, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Goiman failed to respond, so the Clerk correctly entered default against it. Dkt. # 39.

/

/

ORDER - 3

5.  Probability that Default was Because of Excusable Neglect

The sixth *Eitel* factor assesses whether the defendant's default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly served with the complaint. *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Plaintiff establishes that it did properly serve Goiman. *See* Dkt. # 38. So this factor weighs in favor of default judgment.

6.  Policy Favoring Decision on the Merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, Goiman's failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Emp. Painters' Tr. v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy here.

In sum, the *Eitel* factors support default judgment.

B.  Damages

Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff's claimed damages are appropriate to award. *Geddes*, 559 F.2d at 560. The plaintiff has the burden of proving its requested damages are

reasonable and supported by evidence. *Bd. of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

The Affidavit of Henry Ollie (Dkt. # 41) provides sufficient evidence to support a judgment in the amount of $1,105,830.40,[1] comprised of the following amounts:

    a.    $982,733 in principal; and

    b.    $123,097.40 in prejudgment interest.

### III

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. Plaintiff will have a judgment against Goiman as set forth above along with post-judgment interest until paid.

Dated this 29th day of March, 2024.

                                            John H. Chun
                                            United States District Judge

---

[1] Plaintiff seeks $1,143,95.06, but the amounts for principal and interest amounts in the Ollie Declaration do not add up to this figure.

ORDER - 5